**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH SHRUM** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-cv-0007** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Joseph Shrum ("Plaintiff") files this Original Complaint against Defendant Liberty Life Assurance Company of Boston ("Defendant").

### I.
### Parties

1. Plaintiff is an individual who was employed by Alliant Energy Corporate Services, Inc. ("Alliant") which provided long term disability ("LTD") benefits funded by a policy of insurance issued to Alliant.

2. Defendant is an insurance company licensed to do business in Texas and issued a group LTD, GF3-860-066503-01 ("Policy") to Alliant. Defendant can be served through its agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### II.
### Jurisdiction and Venue

3. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq*.

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), because the Defendant can be found in this District.

## III.

## Factual Background

6. At all pertinent times, Alliant maintained an employee benefit plan (the "Plan") that provided long term disability ("LTD") benefits coverage for employees of Alliant.

7. The Plan is subject to ERISA.

8. At all pertinent times, Plaintiff was an employee of Alliant and was a participant, within the meaning of 29 U.S.C. § 1002(7), in the Plan.

9. Plaintiff suffers from a medical condition that would not and will not permit Plaintiff to perform the duties of any occupation as defined in the Policy.

10. Defendant terminated LTD benefits to Plaintiff.

11. Plaintiff appealed Defendant's termination of Plaintiff's LTD benefits.

12. Defendant denied Plaintiff's appeal.

13. Plaintiff has complied with all requirements of the administrative procedure.

14. Plaintiff was and is disabled based on the definition of disability in the Policy.

15. Defendant operated under a conflict of interest because it is both the determiner of claims and the payer of claims.

## IV.
## Request for Relief – Count One
## (Claim for Benefits Under the Policy)

16. Plaintiff is entitled to LTD benefits under the Policy because Plaintiff met the definition of disability contained in the Policy.

17. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Policy's requirements.

18. Defendant's decision to deny Plaintiff's LTD benefits was arbitrary and capricious.

19. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from Defendant benefits that have not been paid to Plaintiff and reinstated on the Policy for future benefits in accordance with the terms and conditions of the Policy.

**V.**
**Request for Relief – Count Two**
**(In the alternative, Request for Remand)**

20. In the purported denial letter, Defendant failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeal, and the reason such material or information was necessary.

21. Defendant used unqualified and/or biased record reviewers.

22. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff LTD benefits which have not been paid or, in the alternative, remand this claim to Defendant so that Defendant can identify the material necessary to perfect Plaintiff's claims and the reason why such information is necessary, and can review Plaintiff's claim using qualified/unbiased record reviewers.

**VI.**
**Request for Relief – Count Three**
**(Attorneys' Fees Pursuant to 29 U.S.C. § 1132(g)(1))**

23. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorneys' fees in connection with the prosecution of this action.

## PRAYER

FOR THESE REASONS, Plaintiff requests that the Court order:

24. Defendant to pay Plaintiff the full LTD benefits incurred and unpaid at the time of judgment;

25. Defendant to reinstate Plaintiff on the Policy for future payments in accordance with the terms and conditions of the Policy;

26. In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the Policy as discussed herein;

27. Defendant to pay Plaintiff's reasonable attorneys' fees incurred in pursuing recovery of benefits owed to Plaintiff;

28. Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

29. That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

**Dated: January 3, 2019**

Respectfully submitted,

/s/ Bernard A. Guerrini
Bernard A. Guerrini, Attorney in Charge
State Bar No. 08581700
bag@erisaltd.com

John L. Thompson
State Bar No. 90001820
jlt@erisaltd.com

GUERRINI & THOMPSON, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel: (214) 692-6556
Fax: (214) 692-6578

**ATTORNEYS FOR PLAINTIFF**