**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH SHRUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19cv00007-S |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**ORIGINAL COMPLAINT AND COUNTERCLAIM**

Defendant Liberty Life Assurance Company of Boston ("Defendant" or "Liberty Life") files this, its Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Joseph Shrum ("Plaintiff"), and files a Counterclaim, which is timely under Fed. R. Civ. 15(a)(1)(A) and states as follows:

## I.
## Parties

1. Liberty Life admits Plaintiff was, at certain times, employed by Alliant Energy Corporate Services, Inc. ("Alliant") and that Alliant sponsored the Alliant Energy Corporate Services, Inc. Long Term Disability Plan (the "LTD Plan"), to provide long term disability benefits to certain employees of Alliant. Liberty Life further admits it issued Group Disability Income Policy No. GF3-860-066503-01 (the "Policy") to Alliant, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits the allegations contained in Paragraph 2 of the Complaint.

## II.
## Jurisdiction and Venue

3. Liberty Life admits that by this action, Plaintiff seeks to recover from it under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § *1001 et. seq*. Liberty Life denies Plaintiff is entitled to recover from it under ERISA and denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits the allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits the allegations contained in Paragraph 5 of the Complaint.

## III.
## Factual Background

6. Liberty Life admits Alliant sponsored the LTD Plan to provide long term disability benefits to certain employees of Alliant. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits Alliant sponsored the LTD Plan to provide long term disability benefits to certain employees of Alliant. Liberty Life further admits that the LTD Plan is governed by ERISA. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits Plaintiff was, at certain times, employed by Alliant and a participant in the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life denies the allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits it terminated Plaintiff's benefits from the LTD Plan under the Policy, as evidenced by the letter Liberty Life sent to Plaintiff dated July 16, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan on or about October 29, 2018, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits it upheld its decision to deny Plaintiff's claim for benefits under the Policy, as evidenced by the letter dated December 3, 2018, Liberty Life sent to Plaintiff's counsel and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits it issued the Policy to Alliant, which Policy, at certain times, insured benefits paid by the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

**IV.**
**Request For Relief - Count One**
**(Claim for Benefits Under the Policy)**

16. Liberty Life denies the allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits it received certain documents concerning Plaintiff's claim from Plaintiff and Plaintiff's health care providers, which are contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life denies the allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits that Plaintiff seeks recovery of benefits from the LTD Plan pursuant to 29 U.S.C. § 1132(a)(1)(B), but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

**V.**
**Request for Relief - Count Two**
**(In the Alternative, Request for Remand)**

20. Liberty Life denies the allegations contained in Paragraph 24 of the Complaint.

21. Liberty Life denies the allegations contained in Paragraph 25 of the Complaint.

22. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, or in the alternative, that Plaintiff's claim be remanded to Liberty Life, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

**VI.**
**Request for Relief - Count Three**
**(Attorney's Fees Pursuant to 29 U.S.C. § 1132(g)(1))**

23. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees and costs, but Liberty Life

denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

Liberty Life denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint, and Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## VI.
## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Liberty Life asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Liberty Life in accordance with the terms of the Policy. Liberty Life also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Liberty Life or the Social

Security Administration currently in the possession of Plaintiff. Additionally, Liberty Life seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Liberty Life. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the Policy, Plaintiff is obligated to reimburse Liberty Life for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Liberty Life in breach of the terms of the Policy. Liberty Life is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Liberty Life's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Liberty Life's reimbursement of benefits Plaintiff received from Liberty Life or the Social Security Administration; that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 25th day of January 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Bernard A. Guerrini, Esq.
guerrinipc@erisaltd.com

John L. Thompson
jlt@erisaltd.com

| | |
|---|---|
| January 25, 2019 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |